**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| NERVIS DE JESUS CHOURIO RINCON,<br><br>Petitioner,<br><br>vs.<br><br>LINN COUNTY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | No. C26-172-LTS-KEM<br><br>**MEMORANDUM OPINION AND ORDER** |

## *I. INTRODUCTION*

This case is before me on petitioner Nervis de Jesus Chourio Rincon's petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241. In an initial review order (Doc. 2), I directed respondents (collectively, the Government)[1] to respond, which they have (Doc. 8), and Chourio Rincon has filed a reply (Doc. 12). Oral argument is not necessary. *See* LR 7(c).

## *II. BACKGROUND*

Chourio Rincon is a Venezuelan national who entered the United States on February 15, 2023. Doc. 11-1 at ¶¶ 12–13. He was issued a Notice to Appear (Form I-862) the same day and 10 days later was paroled into the United States for a year. *Id.*

[1] Although the Government's response was filed on behalf of the federal respondents and not the state employees (Doc. 8 at 1 n.1), this order will apply to all respondents with equal force.

at ¶¶ 14–15. He failed to appear at his scheduled removal hearing on April 24, 2025, and was ordered removed in absentia. Doc. 11-4.[2]

On July 19, 2026, Cedar Rapids police officers arrested Chourio Rincon after finding him in a parking lot trying to fight another individual, displaying signs of intoxication and resisting arrest when officers tried to place him in custody. *See* Doc. 11-5 at 2. After arresting Chourio Rincon, officers confirmed that he had provided a false name. *Id.* He was charged with, and pleaded guilty to, interfering with official acts, providing false identification and public intoxication. *Id.* at 7. Immigration and Customs Enforcement (ICE) officers took Chourio Rincon into custody on July 21, 2026, upon the completion of his state sentence. Doc. 11-1 at ¶ 18. He remains in ICE custody at the Linn County Jail pending his removal. *Id.* at ¶ 19.

## *III. STANDARD OF REVIEW*

Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For relief, the petitioner must prove by a preponderance of the evidence that his detention is unlawful. *Phongsavanh v. Williams*, 809 F. Supp. 3d 864, 867 (S.D. Iowa 2025).

## *IV. ANALYSIS*

Chourio Rincon is detained under 8 U.S.C. § 1231. Under this scheme, the Department of Homeland Security "must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (quoting 8 U.S.C. § 1231(a)(1)(A)). The removal period begins upon the latest of the following:

(i) The date the order of removal becomes administratively final.

[2] Chourio Rincon disputes whether he ever received a Notice to Appear or had sufficient notice of the removal hearing, and plans to re-open the removal proceedings on those grounds. Doc. 1 at 12. This recitation makes no findings as to the veracity of his contention.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*See* 8 U.S.C. § 1231(a)(1)(B). The removal period can be extended under certain circumstances. *Id.* § 1231(a)(1)(C), (c)(2)(A). The alien's detention is mandatory during this period. *Id.* § 1231(a)(2).

When the removal period expires and the "post-removal period" begins, the alien can be released subject to supervision while their removal remains pending or held in continued custody if the Attorney General deems the alien to be a risk to the community or unlikely to comply with the order. *Id.* § 1231(a)(3), (a)(6). However, post-removal period detentions cannot be indefinite. For constitutional reasons, the Supreme Court has "read an implicit limitation into the statute" that an alien's post-removal detention cannot last beyond the "period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001); *accord Clark v. Martinez*, 543 U.S. 371, 384 (2005). After six months of detention, and upon the alien's showing that "there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

As it stands, Chourio Rincon has been detained for just over a month. However, under the statute, his removal period arguably began over a year ago when his removal order became final.[3] As his detention has not yet reached the six-month period that would

[3] Under § 1231, one way that the removal period commences is when the order of removal became administratively final. Because an immigration judge ordered Chourio Rincon removed in absentia, that order became final upon its entry. *See* 8 C.F.R. § 1241.1(e) (2026). It appears that the Government accepts this interpretation, or at least agrees that "[t]he Court need not decide whether the 90-day statutory removal period was tolled." *See* Doc. 8 at 5. However, I note two issues that might change how the removal period is calculated but that the Government

trigger the *Zadvydas* presumption of release, I agree with the Government that any challenge to length of his detention would be unsuccessful at this time.

That said, I do not take Chourio Rincon to be arguing otherwise. Instead, and from the beginning, he has argued that he qualifies for a custody review as set out in 8 C.F.R. § 241.4(h) (2026). Accepting the Government's concession that he is in the post-removal period, he is subject to either supervised release, under § 1231(a)(3), or continued detention, under § 1231(a)(6). A custody review is applicable regardless of whether Chourio Rincon has since filed a motion to re-open his removal proceedings. 8 C.F.R. § 241.4(a), (b)(1). For that reason, his petition will be granted.

## *V. CONCLUSION*

For the reasons set forth herein, petitioner Nervis de Jesus Chourio Rincon's petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241 is **granted**. Respondents are ordered to provide Chourio Rincon with a custody review pursuant to 8 C.F.R. § 241.4, of which the written notice must be initiated no later than **14 days** from the date of this order. The final decision based on this custody review must not be unreasonably delayed.

---

has not advanced. First, § 1231(a)(1)(C)'s suspension provision extends the removal period beyond the 90 days when an alien "conspires or acts to prevent the alien's removal subject to an order of removal." This raises the question of whether Chourio Rinco's failure to attend his scheduled removal hearing might qualify. I read the provision to require that an alien act with the specific intent to hamper his or her removal. Here, Chourio Rinco alleges he did not have notice of his removal hearing. Doc. 1 at 12. Without more information, I will assume that the suspension provision is not effective here.

Second, Chourio Rincon was criminally detained for conduct occurring well after his removal order became final. This might reset the removal period under § 1231(a)(1)(B)(iii), but the Government does not advance this argument. I therefore again assume that the removal period has expired based on the date that Jesus Chourio Rincon's removal order became final.

**IT IS SO ORDERED** this 3rd day of September, 2026.

Leonard T. Strand
United States District Judge